# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

TAVIST HAWKINS,

      Plaintiff,

v.                                                                                                                   CV No. 19-1190 CG

KELLY J. CALICOAT and
ROBERT PEROZYOSKI,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING LEAVE
## TO PROCEED IN FORMA PAUPERIS AND TO SHOW CAUSE

**THIS MATTER** is before the Court on Plaintiff Travist Hawkin's *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* (the "Complaint"), (Doc. 1), filed December 19, 2019, and Plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs* (the "Application"), (Doc. 3), filed December 19, 2019. Having reviewed Plaintiff's filings and the relevant law, the Court finds Plaintiff's Application is well-taken and shall be **GRANTED**. However, Plaintiff is instructed to show cause why his Complaint should not be dismissed.

### I.    Application to Proceed *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Here, Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's monthly income is $500.00; (ii) Plaintiff's monthly expenses total $475.00; (iii) Plaintiff has $100.00 in cash and $12.00 in bank accounts; and (iv) Plaintiff's daughter, age six, relies on Plaintiff for support. (Doc. 3). The Court finds that Plaintiff is unable to pay the costs of this proceeding because his low monthly income only slightly exceeds his monthly expenses, he has very little money in cash and in bank accounts, and Plaintiff's daughter relies on Plaintiff for support.

## II.     Dismissal of Proceedings *In Forma Pauperis*

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim ... only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

Plaintiff is a defendant in two state-court misdemeanor cases presided over by Defendant Calicoat, a state court judge, and prosecuted by Defendant Perozyoski, a state assistant district attorney. Plaintiff alleges that Defendant Calicoat violated Plaintiff's due process rights during the state court proceedings. Plaintiff further alleges that Defendant Perozyoski fraudulently created the charges against Plaintiff and prosecuted the cases without proper jurisdiction. Plaintiff seeks the following relief: (i) dismissal of the cases with prejudice; and (ii) monetary compensation in the amount of $2.3 million. State court records reflect that Plaintiff was convicted at a plea hearing in Eddy County Magistrate Court on December 23, 2019. The records do not indicate whether the state court proceeding is ongoing, or whether Plaintiff is appealing the Magistrate Court convictions.

The Complaint fails to state a claim against Defendant Judge Calicoat for monetary compensation because Defendant Calicoat is immune from monetary damages claims. *See Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)) ("[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction."). Plaintiff alleges that Defendant Judge "Calicoat turned a just eye away from the truth allowing a case to be prosecuted and (ruling on the case) with no jurisdiction properly envoked [sic] or corpus delicti established among other things," entered a not-guilty plea on behalf of Plaintiff, appointed a public defender to represent Plaintiff, and "ruled" on Plaintiff's case. Complaint at 1, 4-5, 8.

The allegations show that Defendant Calicoat's actions were taken in her judicial capacity. While Plaintiff alleges Defendant Calicoat acted "with no jurisdiction properly envoked," [sic] he does not allege that Defendant Calicoat acted "in the complete absence of all jurisdiction." *See Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (finding there was

3

not a clear absence of "all jurisdiction" because a state statute, while it did not itemize types of cases the state court could hear, gave the state court a broad grant of jurisdiction); N.M.S.A. § 35-3-4 ("Magistrates have jurisdiction in all cases of misdemeanors and petty misdemeanors").

The Complaint also fails to state a claim against Defendant Assistant District Attorney Perozyoski for monetary compensation because Defendant Perozyoski is immune from monetary damages claims. *See Mink v. Suthers,* 482 F.3d 1244, 1261 (10th Cir. 2007) ("[A] prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case."). Plaintiff alleges Defendant Assistant District Attorney "Perozyoski created a claim and prosecuted that claim against" Plaintiff. Complaint at 2. There are no allegations that Defendant Perozyoski did anything other than initiate and present the state's case.

The Complaint does not allege sufficient facts showing that the Court has jurisdiction to dismiss the state cases. The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

In addition, the *Rooker-Feldman* doctrine:

4

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019). In light of this precedent, Plaintiff's Complaint fails to state a claim.

**IT IS THEREFORE ORDERED** that:

(i) Plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs*, (Doc. 3), is **GRANTED**;

(ii) Plaintiff may, within 21 days of entry of this Order, file an amended complaint which states a claim. Failure to timely file an amended complaint may result in dismissal of this case.

(iii) Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not abstain from exercising jurisdiction pursuant to the *Younger* abstention doctrine and the *Rooker-Feldman* doctrine. Failure to timely show cause may result in dismissal of this case.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE